IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL NO. 08-00076-CG |
| ) | |
| TOBY DEMETRIUS MOORE, ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

This matter is before the court on defendant's motion to suppress (Doc. 15), and the response thereto of the United States (Doc. 20).  Upon review of the defendant's motion, the court finds that an evidentiary hearing will not be necessary and that the affidavit submitted in support of the search warrant was sufficient to establish probable cause.  Therefore, defendant's motion to suppress is due to be **DENIED**.

### BACKGROUND

Defendant's motion seeks suppression of evidence obtained pursuant to a search warrant of a residence inhabited by the defendant on October 18, 2007.  Defendant objects to the propriety of the search, contending that the affidavit in support of the warrant was insufficient to establish probable cause.   The affidavit for the warrant included the following:

> Within the past seventy two hours, a confidential informant (CI) informed investigators of a residence that illegal narcotics were being sold from and that he/she could purchase said narcotics from that residence.  Investigators searched the CI and the CI's vehicle for illegal contraband, none was found.  The CI was then observed going to the residence mentioned in section one. The CI purchased an amount of white powder substance represented as cocaine from a black male known as "Toby" at that residence.
> The CI then met investigators at a pre-arranged location where the CI relinquished the evidence to Inv. Eddie Blakely.  The CI and the CI's vehicle were again searched for illegal contraband, none was found.  During debriefing the CI stated he/she had purchased the substance from "Toby" from that

>residence.  The CI stated that he/she expressed to "Toby" that he/she would want more at a later time and "Toby" stated that he would have any amount needed.

(Blakely Affid.).  Defendant asserts that the affidavit is insufficient because there is no indication of the confidential informant's veracity, it does not indicate that the informant went inside the residence, and the informant's information was not corroborated.

## ANALYSIS

The court begins with recitation of well-established law on probable cause:

> "[P]robable cause is a fluid concept--turning on the assessment of probabilities in particular factual contexts[.]"  Illinois v. Gates, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).  To avoid "rigid" legal rules, Gates changed the "two- pronged test" of Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), into a totality of the circumstances test.  See Gates, 462 U.S. at 230-35, 103 S.Ct. 2317. Under the Gates totality of the circumstances test, the "veracity" and "basis of knowledge" prongs of Aguilar, for assessing the usefulness of an informant's tips, are not independent. "[T]hey are better understood as relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for ... by a strong showing as to the other[.]"  Id. at 233, 103 S.Ct. 2317.

United States v. Brundidge, 170 F.3d 1350, 1352-53 (11th Cir. 1999).  The "duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding that probable cause existed."  Gates, 462 U.S. at 238-39, quoting Jones v. United States, 362 U.S. 257, 271 (1960).  Of course, "[a]n affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause," and "wholly conclusory" statements do not meet the probable cause requirement.  Gates, 462 U.S. at 239.  "Information [in the warrant application] must be timely for probable cause to exist, for probable cause must exist at the time the magistrate judge issues the search warrant."  United States v. Magluta, 198 F.3d 1265, 1271-72 (11th Cir. 1999), vacated in part on other grounds, 203 F.3d 1304 (2000), quoting United States v. Green, 40 F.3d 1167, 1172 (11th Cir. 1994) and United States v. Harris, 20 F.3d 445,

450 (11th Cir. 1994). Because Gates mandates a totality-of- the-circumstances analysis instead of a rigid application of the Aguilar reliability and basis of knowledge prongs, the court will analyze defendant's challenges to the search warrant collectively.

Defendant asserts that the affidavit fails to establish that the confidential informant was reliable, that the informant was actually "at" or "inside" the residence, or that any of the information from the informant was corroborated.

Analyzing the affidavit under the totality of the circumstances, the court finds that the warrant is sufficient to establish probable cause. The affidavit does not offer evidence of the informant's history of reliability. However, while such information is relevant to a probable cause determination, it is not required to be set forth in the affidavit if there is other evidence under the totality of the circumstances to support a probable cause finding. "[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." Gates, 462 U.S. at 234, 103 S.Ct. at 2330.

> [U]nder the totality-of-the-circumstances analysis announced in Gates, "veracity" and "basis of knowledge" are no longer viewed as independent prerequisites to a finding of probable cause: "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability" such as corroborating evidence gathered by law enforcement. [Gates, 462] at 233, 103 S.Ct. at 2329.

U.S. v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1995). In the instant case, the informant reported that narcotics were being sold from the residence and that the informant could purchase narcotics from the residence. The informant then made a controlled purchase from the residence. Law enforcement observed the informant "going to" the residence, they recovered a white powder substance represented as cocaine from the informant that the informant did not have prior to

going to the residence, and they obtained a statement from the informant that the purchase was made "from a black male known as 'Toby' at that residence."  The affidavit further shows that the informant recounted a conversation during the controlled buy with the "black man known as 'Toby'" which indicated that more drugs could be purchased from the residence.  The court finds that the affidavit clearly contains sufficient detailed, first-hand observations and descriptions of wrongdoing to support probable cause under the totality of the circumstances.  The fact that the affidavit does not explicitly state that the informant stated that he purchased the cocaine from inside the residence is inconsequential.  The affidavit clearly states that the informant stated that drugs were being sold from the residence and that the informant went to the residence and made a controlled buy from a resident named Toby.  The officer's search of the informant before and after the controlled buy, his observation of the informant going to the residence, and his debriefing of the informant after the buy, all serve to corroborate the information offered by the informant.  This corroboration provided some indicia of the informant's reliability, although independent police corroboration of a confidential source's information, per se, is not required. See United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999).[1]  In addition,

---

[1] In a case where the Eleventh Circuit affirmed the district court's denial of a motion to suppress where the appellant attacked the reliability of the confidential informant, the Court stated,

> [The defendant's] main contention is that probable cause for the search warrant did not exist because the affidavit failed to reflect independent police corroboration of the CI's story.  But we think requiring independent police corroboration--as a per se rule in each and every case--is contrary to Gates and other precedent for two reasons.  First, as we have discussed, Gates criticizes per se rules for the determination of probable cause.  Second, independent police corroboration has never been treated as a requirement in each and every case. See United States v. Harris, 403 U.S. 573, 576, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) (approving, without discussing corroboration, an affidavit with no police corroboration); United States v. Farese, 612 F.2d 1376, 1378 (5th Cir. 1980) (even though some corroboration of informant's story took place, probable cause likely existed without corroboration).

corroboration may be accomplished by creating circumstances under which the informant is unlikely to lie. Foree, 43 F.3d at 1576.  In this case, if the information had proved to be false, that fact would have been quickly discovered, making it unlikely the informant would lie.

Under the totality of the circumstances, the court concludes that the affidavit establishes the informant's reliability, and that "the magistrate had a substantial basis for . . . concluding that probable cause existed." Gates, supra.

## CONCLUSION

For the foregoing reasons, the motion to suppress (Doc. 15)  is **DENIED** without an evidentiary hearing.

**DONE and ORDERED** this 23rd day of April, 2008.

                                                                      /s/   Callie V. S. Granade
                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

Brundidge, at 1353.